UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARRIE CLARKE, individually and as natural mother and next friend of L.C. and T.C., Minors, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:15CV01072 AGF |
| PFIZER INC., and GREENSTONE LLC, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the joint motion of Defendants Pfizer Inc. ("Pfizer") and Greenstone LLC ("Greenstone") to dismiss the case for lack of personal jurisdiction. For the reasons set forth below, the motion shall be granted.

## BACKGROUND

In this action, Plaintiff Carrie Clarke alleges that her ingestion of the pharmaceutical Zoloft during her pregnancies with minors L.C. and T.C. caused them to be born with multiple congenital heart defects. Plaintiff, L.C., and T.C. are citizens of Nebraska. Plaintiff brought suit in Missouri state court, asserting claims for defective design, failure to warn, negligence, and fraudulent misrepresentation and concealment. Defendants, as alleged in the complaint, are two corporations organized in Delaware with their principle places of business in New York, for Pfizer, and New Jersey, for Greenstone. Defendants are allegedly responsible for manufacturing, testing, marketing,

and selling Zoloft, "in Nebraska, Missouri, and throughout the United States." (Doc. No. 10 at 2.)

Defendants removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a). For the purposes of diversity, Defendants agree with Plaintiff that they are both organized in Delaware, and that Pfizer's principle place of business is in New York. However, Defendants trace the ownership of Greenstone, through its sole member and that member's parent companies, to show that Greenstone's principle place of business is also in New York.

Defendants now move to dismiss the case under Federal Rule of Civil Procedure 12(b)(2), arguing that the Court lacks either general or specific personal jurisdiction over them. Defendants, argue that their contacts with Missouri are not so continuous or systematic as to render them "at home" in Missouri, as is required for general personal jurisdiction to attach. Defendants also argue that their conduct in Missouri does not allow the Court to assert specific personal jurisdiction over them.

Plaintiff has not responded to Defendants' motion to dismiss, and the time to do so has passed.

## **DISCUSSION**

Personal jurisdiction can be general or specific. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). A federal district court may assert general jurisdiction, allowing it to hear any and all cases against defendants, "when their affiliations with the state are so continuous and systematic as to render them essentially at home in the forum [s]tate." *Id.* Generally, the Supreme Court has limited general jurisdiction for a corporation to its

place of incorporation and its principal place of business. *Keeley v. Pfizer, Inc.*, No. 4:15CV00583 ERW, 2015 WL 3999488, at *2 (E.D. Mo. July 1, 2015). However, in certain "exceptional" cases, a corporation's operations in another forum "may be so substantial and of such a nature as to render the corporation at home in that state." *Daimler AG*, 134 S. Ct. at 761 n.19.

Even when a court lacks general personal jurisdiction, it may still have specific personal jurisdiction to hear cases which "arise[] out of or relate[] to the defendant's contact with the forum." *Daimler AG*, 134 S. Ct. at 754. In other words, for such jurisdiction to attach, the defendant's "suit-related conduct must create a substantial connection with the forum [s]tate." *Walkden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Courts in this circuit weigh five factors to establish the necessary connection with the forum state: (1) the nature and quality of the contacts with the forum state, (2) the quantity of the contacts, (3) the relation of the cause of action to those contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) convenience of the parties. *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006).

Here, the Court lacks general jurisdiction over Defendants, as their citizenship is Delaware and New York, and Plaintiff has not shown this to be an "exceptional case" which warrants Defendants being subject to personal jurisdiction in Missouri for any and all suits brought against them. Even if Defendants marketed and sold Zoloft in Missouri, that does not make their connections with the state "continuous and systematic as to render them essentially at home" here. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); *see also Keeley*, 2015 WL 3999488, at *2.

Further, the Court finds that it lacks specific jurisdiction over Defendants in this case. Based on the allegations in the complaint, and as noted above, Defendants' only contacts with Missouri are that they marketed and sold Zoloft in Missouri. Plaintiff fails to show how these contacts with Missouri relate to the causes of action in this suit, given that L.C. and T.C. were both born in Nebraska. Thus, Missouri has no interest in providing a forum for Plaintiff's case here, nor can the Court determine any reason why Missouri would be a more convenient forum for the parties than any of the other states, such as Nebraska, New York, or Delaware, which have a greater connection to the events at issue in this matter.[1] Indeed, other courts in this district, faced with similar claims against the same defendants as those here, have found no personal jurisdiction existed. *See, e.g., Keeley*, 2015 WL 3999488, at *3 (finding neither general nor specific personal jurisdiction over Pfizer, in a similar products liability case involving Zoloft); *Fidler v. Pfizer Inc.*, No. 4:15CV0582 RWS (E.D. Mo. filed June 25, 2015). In short, Plaintiff "ha[s] not alleged any facts to support a finding of specific jurisdiction" in this case. *See Keeley*, 2015 WL 3999488, at *3. Therefore, the Court will dismiss this case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## **CONCLUSION**

Accordingly,

---

[1] The sole connection of this litigation to Missouri appears to be that Plaintiff's attorney is in St. Louis, Missouri. This, however, does not relate to Defendants' conduct, and is insufficient to establish personal jurisdiction in Missouri. *Cf. Compression Tech. Solutions LLC v. EMC Corp.*, No. 4:11CV1579 TCM, 2012 WL 1188576, at *4 (E.D. Mo. Apr. 6, 2012) (finding that "the convenience of the plaintiff's counsel is not entitled to any weight in the analysis" of a motion to transfer based on allegedly improper forum).

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED**. (Doc. No. 6.) This case is hereby **DISMISSED.** A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of September, 2015.